# EXHIBIT E

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **BARESTONE, LLC** | : | |
| 2372 Madison Road, Unit W1C | | CASE NO.  A1704728 |
| Cincinnati, Ohio 45208, | : | |
| | | JUDGE  CURT C. HARTMAN |
| **MICHAEL CARTER** | : | |
| 5580 Windridge View | | |
| Cincinnati, Ohio 45243, | : | |
| | | |
| **JOSH LOEWENSTINE** | : | |
| 3616 Marburg Avenue | | |
| Cincinnati, Ohio 45208, | : | |
| | | |
| And | : | **PLAINTIFFS' FIRST AMENDED** |
| | | **COMPLAINT** |
| **KINGSTON  DEVELOPMENT  GROUP,** | : | |
| **LLC** | | |
| 2372 Madison Road, Unit W1C | : | |
| Cincinnati, Ohio 45208 | | |
| | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| vs. | : | |
| | | |
| **BAIR BUILD COMPANY, LLC** | : | |
| 1706 John Street | | |
| Cincinnati, Ohio 45214, | : | |
| | | |
| *Also serve:* | : | |
| | | |
| Suzanne Bair, Statutory Agent for Bair | : | |
| Build Company, LLC | | |
| 1706 John St | : | |
| Cincinnati, Ohio 45214, | | |
| | : | |
| **DAVID BAIR, JR.** | | |
| c/o Robert A. Goering | : | |
| Chapter 7 Bankruptcy Counsel | | |
| 220 W. 3rd Street | : | |
| Cincinnati, Ohio 45202, | | |
| | : | |
| And | | |
| | : | |

1

EXHIBIT
E

SUZANNE BAIR
c/o Robert A. Goering
Chapter 7 Bankruptcy Counsel                          :
220 W. 3rd Street
Cincinnati, Ohio 45202,                               :

                                                      :
And
                                                      :
RAFTERHAUS CONSTRUCTION LLC
1706 John Street                                      :
Cincinnati, Ohio 45214,
                                                      :
   Also serve:
                                                      :
   Judith A. Hackler,
   Statutory Agent for                                :
   Rafterhaus Construction LLC
   1800 Tanglewood Drive                              :
   Loveland, Ohio 45140,

                 Defendants,

Plaintiffs Barestone, LLC ("Barestone"), Michael Carter ("Carter"), Josh Loewenstine

("Loewenstine"), and Kingston Development Group, LLC ("Kingston") state for their Complaint

against Defendants Bair Build Co., LLC ("Bair Build"), David Bair Jr. ("David"), Suzanne Bair

("Suzanne") and Rafterhaus Construction LLC ("Rafterhaus") as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Barestone is a limited liability company organized under the laws of the state of

Ohio and has its principal place of business in Hamilton County, Ohio.

2.    Plaintiff Carter is an individual and resident of Hamilton County and is a member of

Kingston.

3.    Plaintiff Loewenstine is an individual and resident of Hamilton County and is a member

of Kingston.

2

4.      Plaintiff Kingston is a limited liability company organized under the laws of the State of Ohio and has its principal place of business in Hamilton County, Ohio. Kingston is a 60% owner and presently is the managing member of Barestone. Until December 2016, Kingston was a silent investor in the Barestone development project described in this Complaint, during which time Barestone was managed by Defendant Bair Build.

5.      Defendant David is an individual, a resident of Hamilton County, and is a member of Bair Build.

6.      Defendant Suzanne is an individual, a resident of Hamilton County, and, on information and belief, is a member of Defendant Bair Build. Suzanne is David's mother.

7.      Defendant Bair Build is a limited liability company organized under the laws of the State of Ohio and has its principal place of business in Hamilton County, Ohio. Defendant Bair Build was formerly known as "Bair Properties, LLC", but amended its Articles of Organization with the Ohio Secretary of State to change its name to "Bair Build Company, LLC" on October 13, 2015. For the sake of convenience in this Complaint, Bair Build, f/k/a Bair Properties, LLC, is referred to as "Bair Build." Bair Build is a 40% owner of Barestone and, until December 2016, was the managing member of Barestone.

8.      Defendant Rafterhaus Construction LLC ("Rafterhaus") is a limited liability company organized under the laws of the State of Ohio and has its principal place of business in Hamilton County, Ohio. Defendant Suzanne is believed to the organizer of Rafterhaus.

9.      The facts and occurrences forming the basis of this Complaint and the claims against Defendants described herein occurred in Hamilton County, Ohio.

3

10.     This Court has jurisdiction over this action pursuant to R.C. § 2307.382.  Venue is proper in Hamilton County under Civil Rule 3.

11.     Defendants David and Suzanne, since the filing of the Original Complaint in this matter, have both filed for Bankruptcy Protection in the Southern District of Ohio Federal Bankruptcy Court under Case Number 1:18-BK-10148 (David) and 1:18-BK-12585 (Suzanne).  Plaintiffs do not have leave to pursue those parties.  As a result, any specific Counts against them previously alleged have been removed below.

## FACTS COMMON TO ALL CLAIMS

12.     Kingston and Bair Build formed Barestone in November, 2015 for the primary intent and purpose of acquiring and developing real property located at 1531 and 1533 Republic Street, Cincinnati, Ohio 45202 in Over-the-Rhine (the "Properties").

13.     On or about November 27, 2015, Kingston and Defendant Bair Build executed an Operating Agreement governing the operation and management of Barestone, as well as their rights and responsibilities to each other as co-Members of the entity (the "Operating Agreement").  A true and accurate copy of this Operating Agreement is attached hereto as **Exhibit A**.

14.     David executed that Operating Agreement as Managing Member of Defendant Bair Build.

15.     Pursuant to Section 6.1 of the Operating Agreement, Bair Build was designated to serve as the Managing Member of Barestone.

4

16.    Barestone and its members intended for Bair Build to renovate and develop the Properties located at 1531 and 1533 Republic Street and for Barestone to sell the Properties to third parties prior to development so that the Properties could be developed to the buyers' specifications.

17.    On or about June 30, 2015, Defendant Bair Build contracted with Chris Heinold and Kathleen Finn for the sale of 1531 Republic Street for $535,000. The buyers paid a ten percent (10%) deposit to be held as security and applied to the purchase price at closing. The deposit was paid to Bair Build and not Plaintiff Barestone as it should have been.

18.    On or about July 16, 2015, Defendant Bair Build contracted with Ravdeep Chanana and Sonia Guleria for the sale of 1533 Republic Street for $550,000. The buyers paid a ten percent (10%) deposit to be held as security and applied to the purchase price at closing. The deposit was paid to Bair Build.

19.    For reasons presently unknown to Plaintiffs, Defendant David executed the sale contracts for the Properties on behalf of Defendant Bair Build, even though Bair Build did not own the Properties.

20.    Upon execution of the purchase contracts, Defendant Bair Build received from the buyers the security deposits from 1531 Republic (in the amount of $53,500) and 1533 Republic (in the amount of $55,000), but failed to pay the security deposits over to Barestone despite Kingston's repeated demands.

21.    Rather than holding the deposits as security, Defendant Bair Build converted the deposits for its own use or for the use of Defendants David and Suzanne, personally.

22.    Bair Build, Barestone, and Kingston agreed that Defendant Bair Build was to develop the Properties as general contractor with a construction budget not to exceed $776,000.

5

23.    Defendants represented to Plaintiffs that Bair Build had the ability and intention to complete the construction to the buyers' respective specifications within the agreed construction budget.

24.    To finance the construction of the Properties, Barestone obtained a construction loan on December 28, 2015 for approximately $672,000 from Union Savings Bank (the "Loan"). Approximately $660,000 of the Loan was available for disbursement and $630,000 was disbursed.

25.    In order to fund the acquisition cost of the Properties and the balance of the construction budget, each of the two members of Barestone made capital contributions of cash. Kingston, the 60% member, contributed $132,000 and Bair Build, the 40% member, contributed $88,000. Barestone used approximately $105,000 of the contributed capital to acquire the Properties.

26.    Kingston and, on information and belief, Barestone and Bair Build intended for the remaining capital of approximately $115,000, plus the funds available to be disbursed on the Loan in the amount of approximately $660,000, to fully fund the construction budget of $776,000.

27.    Before construction work on the Properties began in 2016, Bair Build provided Plaintiffs with line item budgets and a revised budget confirming that the project would be completed within the agreed not-to-exceed budget of $776,000.

28.    In late 2015 or early 2016, Kingston realized that it had not yet received a copy of a formal written development agreement between Barestone and Bair Build and requested that Defendant David provide it a copy.

6

29.     David sent Kingston a document styled as a Development, Management, and Marketing Agreement dated January 15, 2016 (the "January 2016 Agreement") purportedly between Barestone and Defendant Bair Build. It was executed by David on behalf of both Barestone and Bair Build as Managing Member of both. Defendant David represented that the January 2016 Agreement was an accurate embodiment of the terms upon which Defendant Bair Build and Kingston had agreed. A true and accurate copy of the January 2016 Agreement is attached hereto as **Exhibit B.**

30.     Contrary to Defendant David's representations, the January 2016 Agreement did not accurately include the terms to which Defendant Bair Build and Kingston had agreed.   In addition to being inaccurate, the terms of the January 2016 Agreement were overly simple and self-serving to Defendant Bair Build. It did not contain terms that would normally be included to protect a property owner in a development agreement and was not the product of an arm's length transaction. The January 2016 Agreement also was never properly approved and authorized by the members of Barestone.

31.     Among other major deficiencies, the January 2016 Agreement did not contain any provisions concerning the agreed not-to-exceed construction budget of $776,000.

32.     Construction on the Properties began around January 2016. According to the purchase agreements executed by Bair Build, construction on each residence was required to be completed within 18 months of the date of the purchase agreements (December 30, 2016 for the property at 1531 Republic Street, and January 16, 2017 for the property at 1533 Republic Street).

33.     During the course of Defendant Bair Build's construction work on the Properties, the information that Defendant Bair Build provided to Plaintiffs, such as periodic financial

7

statements and e-mails, falsely represented that the project was on budget and on target to be completed by the respective contract deadlines.

34.     During the course of Defendant Bair Build's construction work on the Properties, Defendants David and/or Bair Build by and through David or Suzanne prepared, executed, and delivered to Union Savings Bank progress payment affidavits. On information and belief, these affidavits contained inaccurate and intentionally false and fraudulent representations of the progress of the construction. Further, on information and belief, these affidavits overstated and misrepresented the amount of progress that had been made in order to obtain draws on the Loan.

35.     On information and belief, Defendants were diverting money from the construction on the Properties and using it for other projects unrelated to Barestone or for their own personal benefit.

36.     On information and belief, Defendants were also diverting money from the construction on the Properties and making payments to Defendants David, Suzanne, and other Bair family members that were unauthorized by and unrelated to Barestone for their personal pecuniary gain. For example, on or about February 19, 2016 Suzanne endorsed at least one check to "Cash" on behalf of Barestone that was unauthorized and fraudulent. A true and accurate copy of this check is attached as **Exhibit C**.

37.     By late 2016, Kingston became concerned that the construction deadline was approaching and the construction on the Properties was not yet complete.

38.     On December 1, 2016, Defendants David and Bair Build provided written assurances to Plaintiffs that:

8

a.  Construction would be substantially completed by December 31, 2016 so that the sale of both Properties could be closed; and

b.  Defendant David would provide regular email updates to Plaintiffs every Monday, Wednesday, and Friday until completion.

A true and accurate copy of the written assurances provided by David and Bair Build are attached hereto and incorporated herein as **Exhibit D**.

39.     Defendant Bair Build also agreed to assume payment of the Loan if construction was not substantially complete by December 31, 2016, and to restructure distributions from Barestone to ensure that Kingston received a preferred distribution of its full capital investment of $132,000 prior to any other distribution being made and a preferred distribution of forty percent (40%) of the remaining proceeds before any other distributions were made from Barestone.

40.     Plaintiff Kingston made several site visits to the Property in late 2016 and early 2017, and it was readily apparent to Kingston that construction on the Properties was unlikely to be completed on schedule.

41.     Following the site visits, Plaintiff Kingston began a deeper investigation into the construction on the Properties.

42.     In late 2016 or early 2017, Kingston discovered with respect to the construction on the Properties that:

a.  The construction had run at least $225,000 over the agreed not-to-exceed budget of $776,000;

9

b. the Loan was nearly fully drawn and the Loan payments were not being made on time by Barestone;

c. significant work remained to be done on both Properties;

d. both Properties had incurred significant setbacks due to improper construction methods implemented by Defendant Bair Build and gross mismanagement of the project;

e. the progress reports provided by Defendants to Plaintiffs throughout the construction process were false, fraudulent, and purposefully inaccurate, including the omission of change orders, re-work, and inspection deficiencies that were intentionally omitted and concealed;

f. there were numerous unpaid subcontractors;

g. at least $80,000 was missing from the construction funding and purchase deposit monies for the sale of the Properties that could not be accounted for by Defendants through supporting invoices or other supporting documentation; and

h. Defendants had been "double dipping" on client upgrades by charging and collecting money from the buyers for various upgrades and also drawing money from the construction loan to pay for the upgrades.

43. In December 2016, Plaintiff Kingston removed Defendant Bair Build as the managing member of Barestone and appointed itself as the managing member.

44. Plaintiffs refrained from taking action against Defendants at that time in reliance upon representations and assurances made by Defendants David and Bair Build.

10

45.     Contrary to David and Bair Build's assurances, Defendants did not provide regular email updates to Plaintiffs and the updates that they did provide were later shown to contain material misrepresentations of fact.

46.     Contrary to David and Bair Build's assurances, neither of the Properties were completed by December 31, 2016.

47.     In light of its discoveries regarding the status of construction on the Properties, in early 2017 Kingston demanded that Defendants Bair Build, David, and Suzanne complete the construction on the Properties using their own funds.

48.     Defendants failed and refused to complete the project using their own funds, despite that the budget over-run was exclusively attributed to their gross mismanagement of the project, misuse of the construction funds, and other wrongful acts.

49.     Defendants also failed to make the mortgage payments on the Loan after January 2017, despite the assurances made by Defendants David and Bair Build. On information and belief, all payments made on the Loan after January 2017 were made by Barestone.

50.     Based on Defendants' refusal and failure to complete the project, Kingston took over management of construction on 1531 Republic Street, which was closer to completion. Kingston expended its own funds to complete construction and close on the property, which occurred in July 2017.

51.     Kingston paid off numerous subcontractors of Defendant Bair Build, including subcontractors that had performed work on both 1531 and 1533 Republic Street, in order to facilitate the closing on 1531 Republic Street.

11

52.     Prior to closing, Defendant David executed and delivered to Plaintiffs an affidavit in which he represented that all subcontractors who performed work on 1531 Republic Street had been paid off. After closing, Plaintiffs learned that this affidavit was false and that at least one subcontractor remained to be paid, whom Barestone paid.

53.     At closing on the sale of 1531 Republic Street, Defendants failed to deliver to Barestone the security deposit in the amount of $53,500, and therefore the sale proceeds paid to Barestone at closing were reduced by $53,500. Defendants informed Plaintiffs that Defendant Bair Build had spent the security deposit for both Properties and that it would not pay the deposit over to Barestone.

54.     As of the filing of this Complaint, construction on 1533 Republic Street has not been completed.

55.     On September 12, 2017, Rafterhaus Construction LLC ("Rafterhaus" filed its Articles of Incorporation with the Ohio Secretary of State. (see **Exhibit E** attached hereto).  It is believed that Defendant Suzanne is its organizer and Defendant David is involved in its business operations.  The statutory agent for Raferhaus, Judith Hackler, is believed to be Defendant Suzanne's mother.  The business address for Raferhaus is the same as the statutory address used by Defendant Bair Build.

56.     On Rafterhaus' website, the properties located at 1531 and 1533 Republic Street are pictured and referenced as work previously completed by Rafterhaus. (see attached **Exhibit F** attached hereto).

57.     On information and belief, at some point after filing its Articles of Organization with the Ohio Secretary of State, Defendants Suzanne, David, and Defendant Bair Build transferred their

12

interests in assets of their own or held by Defendant Bair Build to Rafterhaus. It is further believed that these interests were transferred to Rafterhaus by the Defendants with actual and/or malicious intent to hinder, delay, or defraud the Plaintiffs without receiving a reasonably equivalent value in exchange for the transfer from Rafterhaus.

58.     It is further alleged that this transfer was caused by Defendants Suszanne, David, and Bair Build with specific intent to avoid the consequences of breach under the Operating Agreement and Ohio Law relative to the properties located at 1531 & 1533 Republic Street, to maliciously interfere with Plaintiffs' abilities to enforce the terms of that Agreement, and to frustrate Plaintiffs suit against Defendants.

## COUNT ONE – BREACH OF CONTRACT

59.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 58' as if fully rewritten herein.

60.     Barestone contracted with Defendant Bair Build for the development and construction of the Properties on a not-to-exceed construction budget of $776,000 with construction to be completed on or before the delivery dates contained in the sale contracts for the respective Properties.

61.     Defendants also induced Plaintiffs Kingston, Carter, and Loewenstine, to invest in the development project as silent investors on the promise of a not-to-exceed construction budget of $776,000 on the Properties.

62.     The development agreement between Barestone and Defendant Bair Build containing a not-to-exceed construction budget of $776,000, with construction to be completed on or before

13

the delivery dates contained in the sale contracts for the respective Properties, is a legal and binding contract between Plaintiff Barestone and Defendant Bair Build.

63.    Defendant Bair Build breached the development agreement by failing to complete construction on the agreed timeline, failing to adhere to the agreed budget, grossly mismanaging the project, double-dipping on client upgrades, failing to pay subcontractors, misusing construction funds, and wrongfully diverting funds from the construction project to other projects not involving Plaintiffs, among other breaches.

64.    Defendants also promised that construction would be completed by December 31, 2017 and agreed to assume responsibility for all payments on the Loan starting on January 1, 2017 if the construction project was not completed by that time.

65.    Plaintiffs relied on Defendants' promises and refrained from taking action against Defendants at that time based on said promises.

66.    The construction project was not completed by the contractual deadline, and Defendants failed to make payments on the Loan, as agreed, and are therefore in breach of the contract.

67.    The lender on the loan, Union Savings Bank, has foreclosed on that loan and the 1533 Republic Street property has been sold at Sheriff Sale for less than its value of $550,000.00.

68.    Plaintiffs have been damaged by Defendants' various breaches of contract in an amount yet to be determined, but which exceeds the sum of $25,000.

## COUNT TWO – BREACH OF FIDUCIARY DUTIES

69.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 68 as if fully rewritten herein.

14

70.     Under the Operating Agreement and pursuant to Ohio Revised Code Chapter 1705, Defendant Bair Build owed Plaintiffs Barestone and Kingston fiduciary duties.

71.     Defendant Bair Build has breached its fiduciary duties owed to Plaintiffs Kingston and Barestone in its capacity as a manager and co-member of Barestone by:

   a.  failing to operate Barestone in a manner consistent with the best interests of the Company and of its members;

   b.  executing and delivering a one-sided and self-serving development agreement purporting to be between Barestone and Bair Build which was not properly authorized by company action;

   c.  managing the construction of the Properties for the sole and exclusive benefit of Defendants;

   d.  participating in the diversion of funds from the project to other non-Barestone projects and Defendants David and Suzanne's personal use;

   e.  intentionally and fraudulently misleading Kingston and Barestone on the progress of construction, and then falsely promising that construction would be completed by December 31, 2016;

   f.  failing to communicate with Kingston and Barestone regarding the details surrounding the sale of the Properties; and

   g.  refusing to cease and desist in these actions after being placed on notice of its breaches of duty, and more.

15

72.     As a direct and proximate result of these breaches, Kingston and Barestone have been damaged in an amount yet to be determined, but which exceeds the sum of $25,000.

## COUNT THREE – FRAUD

73.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 72 as if fully rewritten herein.

74.     Defendants falsely and fraudulently represented to Plaintiffs, initially and throughout the construction process, that they would complete the construction and remodeling work on the Properties in a timely and workmanlike manner and within the not-to-exceed construction budget of $776,000.

75.     Throughout their business relationship, Defendants provided information to Plaintiffs such as e-mails, financial statements, and spreadsheets that intentionally and falsely represented the status of construction and the status of the construction budget. Defendants made these representations to Plaintiffs as part of a fraudulent scheme to divert funds from the construction of 1531 and 1533 Republic Street to and for the Defendants' own use and benefit.

76.     Defendants falsely and fraudulently represented to Plaintiffs that the security deposits paid by the buyers of 1531 and 1533 Republic Street would be held as security, but diverted the funds for Defendants' own use and benefit.

77.     Defendants Bair Build and David represented to Plaintiffs in a December 1, 2016 letter that the construction would be completed by December 31, 2016, knowing that Defendants would not complete the construction by such deadline and knowing Defendants could not complete the construction by such deadline given the significant work that remained to be

16

completed, in order to further Defendants' scheme of diverting money from the construction of the Properties to other non-Barestone projects and for their own personal benefit.

78.     Defendant David falsely and fraudulently represented by sworn affidavit that all subcontractors on 1531 Republic Street had been paid prior to closing, when knowing at least one subcontractor remained to be paid for its work.

79.     When these representations were made, they were known by Defendants to be false, were made with the purpose to deceive and defraud Plaintiffs and to induce them into entering into or remaining in a business relationship with Defendants, and to further Defendants' scheme of diverting money from the construction of the Properties to other non-Barestone projects and for their own personal benefit or delay Plaintiffs from taking action against Defendants for the claims made herein.

80.     When these representations were made, Defendants had no intention of completing the construction and remodeling work on budget and in a timely and workmanlike fashion.

81.     Plaintiffs, at the time the representations were made, did not know the truth and justifiably relied upon Defendants' false representations of fact.

82.     As a direct and proximate result of these fraudulent acts, Plaintiffs have been damaged in an amount yet to be determined, but which exceeds the sum of $25,000.

## COUNT FOUR – CONVERSION

83.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 82 as if fully rewritten herein.

84.     Defendants, throughout their dealings with Plaintiffs, took possession of funds belonging to Plaintiffs without permission or authorization.

85.     Defendants took possession of these funds with the intent to permanently deprive Plaintiffs and with actual malice.

86.     Plaintiffs have made demand to Defendants to return and repay the funds that Defendants wrongfully converted and used for their pecuniary gain.

87.     Defendants have failed and refused to return those funds to Plaintiffs.

88.     As a direct and proximate result of this conversion, Plaintiffs have been damaged in an amount yet to be determined, but which exceeds the sum of $25,000.

## COUNT FIVE – PROMISSORY ESTOPPEL

89.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 88 as if fully rewritten herein.

90.     Defendants promised Plaintiffs that the construction would be completed in a timely and workmanlike manner and within the $776,000 not-to-exceed budget.

91.     Defendants Bair Build and David promised in a December 1, 2016 letter that the construction would be completed by December 31, 2016. Defendants Bair Build and David also promised to assume responsibility for payments on the Loan if construction was not completed by December 31, 2016.

92.     Plaintiffs justifiably relied upon these and other promises to their detriment and to Defendants' benefit.

18

93.    As a direct and proximate result of this detrimental reliance, Plaintiffs have been damaged in an amount that is yet to be determined, but exceeds the sum of $25,000.

## COUNT SIX – FRAUDULENT TRANSFER

94.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 93 as if fully rewritten herein.

95. Defendants' interest in Bair Build, properties owned by Defendants, and properties or things owned by Defendant Bair Build are "assets," as that term is defined under Ohio Revised Code §1336.01(B).

96. Plaintiffs are "creditors," as that term is defined under Ohio Revised Code §1336.01(D).

97. During the term of the Operating Agreement, Plaintiffs possessed a "claim" as that term is defined under Ohio Revised Code §1336.01(C).

98. Defendants collectively are "debtors," as that term is defined under Ohio Revised Code §1336.01, due to their alleged breach of the Operating Agreement and conversion or diversion of Barestone assets and money for the benefit of Bair Build and, now, Rafterhaus.

99. The transfer of Defendants' interests in Bair Build or its assets or interests was made without adequate consideration from Rafterhaus.  Moreover, Defendants transferred their property interests to Rafterhaus with the intention of frustrating and/or interfering with Plaintiffs' ability to assert their claims against Defendants for their breach of the Operating Agreement, conversion, and fraud as alleged above.

19

100.   This transfer was caused by Defendants with specific intent to avoid the consequences of

default under the Operating Agreement and to maliciously interfere with Plaintiffs' abilities

to enforce the terms of that Agreement and their legal rights.

101.   Plaintiffs have been and will be damaged by said Defendants' fraudulent transfer in an

amount which Plaintiffs cannot presently ascertain, but which Plaintiffs believe to be in

excess of $25,000.00.

## COUNT SEVEN – PUNITIVE DAMAGES

102.   Plaintiffs incorporate the allegations contained in Paragraphs 1 through 101 as if fully

rewritten herein.

103.   The acts and omissions of Defendants with respect to the allegations herein are

outrageous and undertaken with reckless indifference to the rights and interests of Plaintiffs.

104.   The acts and omissions of Defendants with respect to the allegations herein were

undertaken with actual malice, knowledge, and purpose against Plaintiffs.

105.   As a direct and proximate result of Defendants' actions described herein, Plaintiffs are

entitled to the maximum award of punitive damages allowed by law or equity.

   **WHEREFORE,** Plaintiffs demand judgment on their Complaint as follows:

   i.   Judgment against Defendants on Counts One through Seven of this Complaint in

an amount yet to be determined, but which exceeds the sum of $25,000;

ii.    The corporate veil of Defendant Bair Build be pierced as alleged in Count Seven, such that Defendants be jointly and severally liable for any judgment against Bair Build to Plaintiffs;

iii.    Pre- and post-judgment interest, at the statutory rate, on any damages awarded to Plaintiffs against Defendants from December 1, 2016 through satisfaction;

iv.    Costs of Court against Defendants;

v.    Punitive damages as permitted by law; and

vi.    Such other and further relief to which Plaintiffs may be entitled at law or in equity.

/S/ Brian R. Redden
Brian R. Redden (0070610)
Brian J. Hirsch (0080885)
Joseph T. Mooney (0088978)
**BUECHNER HAFFER MEYERS & KOENIG CO. LPA**
105 E. Fourth Street, Suite 300
Cincinnati, Ohio 45202
Telephone:   (513) 579-1500
Facsimile:   (513) 977-4361
Email: bredden@bhmklaw.com
Email: bhirsch@bhmklaw.com
Email: jmooney@bhmklaw.com

E-FILED 09/10/2018 03:13 PM  /  CONFIRMATION 776011  /  A 1704728  /  JUDGE HARTMAN  /  COMMON PLEAS DIVISION  /  ACOM

## INSTRUCTIONS TO THE CLERK

Please issue Summons and the Complaint upon Defendant Rafterhaus Construction, LLC at its listed address by certified mail, return receipt requested.

*/S/ Brian R. Redden*
Brian R. Redden (0070610)


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via regular U.S. mail to the following on this 10th day of September, 2018:

Bair Build Company, LLC
1706 John Street
Cincinnati, Ohio 45214

Suzanne Bair, Statutory Agent
Bair Build Company, LLC
1706 John Street
Cincinnati, Ohio 45214


David and Suzanne Bair
c/o Robert A. Goering
Chapter & Bankruptcy Counsel
220 W. 3rd Street
Cincinnati, Ohio 45202

*/S/ Brian R. Redden*
Brian R. Redden (0070610)

242898

22