UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| **Suzanne Bair,** | : | **Case no. 1:18-bk-12585** |
| **Debtor** | : | |
| | : | |
| **Barestone, LLC, et al.,** | : | **Adversary proceeding 1:18-ap-01062** |
| **Plaintiffs** | : | |
| v. | : | **DEBTOR'S ANSWER** |
| **Suzanne Bair,** | : | |
| **Defendant-Debtor.** | : | |

### First defense

In response to the complaint's numbered paragraphs, Debtor answers as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Deny.

11. Admit.

12. Deny.

13. Admit allegations in first two sentences. Deny allegation in third sentence.

14. Admit that Bair Build is a 40% owner of Barestone. Deny remainder.

15. Admit that Barestone was formed in November 2015. Deny remainder.

16. Admit the authenticity of Exhibit A; the document speaks for itself.

17. Admit.

18. Admit that Barestone intended to develop and sell the properties; deny remainder as written.

19. Admit fact of contract to sell 1531 Republic Street; deny remainder as written.

20. Admit fact of contract to sell 1533 Republic Street; deny remainder as written.

21. Deny.

22. Deny.

23. Deny.

24. Admit that Bair Build was to act as contractor; deny remainder.

25. Deny.

26. Deny.

27. Deny.

28. Admit that Barestone obtained a loan from Union Savings; deny remainder as written.

29. Admit that Barestone's members made capital contributions; deny remainder.

30. Deny.

31. Deny.

32. Deny.

33. In response to ¶33, Debtor states that the document speaks for itself.

34. Deny.

35. Deny, and further answering Debtor states that the document speaks for itself.

36. In response to ¶36, Debtor states that the construction documents would speak for themselves.

37. Deny for lack of knowledge what documents are referred to in ¶37; such documents would speak for themselves.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny for lack of knowledge what Kingston believed or why it believed it.

43. In response to ¶43, Debtor states that the document speaks for itself.

44. Deny.

45. Deny the existence of the alleged promise, and therefore deny that the promise was not genuine.

46. Deny.

47. Deny.

48. Deny.

49. Admit.

50. Deny.

51. Deny.

52. Deny as written, but admit that the Republic Street properties were not completed by December 31, 2016.

53. Deny.

54. Deny.

55. Deny.

56. Admit that sale of 1531 Republic Street closed in July 2017; deny remainder.

57. Deny.

58. Deny ¶58 as written for lack of knowledge; any such document speaks for itself.

59. Deny.

60. Admit that these same facts and claims were the subject of Hamilton County Common Pleas case no. A1704728 and state that Exhibit E speaks for itself.

61. Exhibit E speaks for itself.

62. Deny.

63. Deny.

64. No response required.

65. The statute speaks for itself.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. No response required.

80. The statute speaks for itself.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. No response required.

91. The statute speaks for itself.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. No response required.

102. The statute speaks for itself.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

## Additional defenses

108. The complaint fails to state a claim upon which relief can be granted. Among other things, Debtor is not a member of Barestone and thus owes no duties to either Barestone or its other member, Kingston.

109. The claims are barred by one or more of the doctrines of res judicata, estoppel, assumption of risk, contributory negligence, duress, failure of consideration, payment, release, or waiver.

110. The claims fail due to the absence of a fiduciary or other special relationship between Debtor and the plaintiffs.

111. The claims are barred by the single satisfaction rule.

112. The claims fail due to the absence of false pretenses, a false representation, or actual fraud.

113. The claims fail due to the absence of a materially false statement in writing, the absence of any reasonable reliance on any such statement, or the absence of publication with an intent to deceive.

114. The claims fail due to the absence of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

115. The claims fail due to the absence of willful or malicious injury or action.

116. Debtor hereby gives notice of her intent to rely upon such additional defenses as may become apparent or available in the future.

HAVING FULLY ANSWERED, Debtor respectfully requests that the case be dismissed at the plaintiffs' cost and expense, and for such other relief as to which Debtor is entitled under the law.

    Respectfully submitted,

    */s/ Paul T. Saba*
    Paul T. Saba (0063723)
    Jeffrey M. Nye (0082247)
    Stagnaro, Saba & Patterson Co., L.P.A.
    2623 Erie Avenue

>Cincinnati, Ohio 45208
>(513) 533-2703
>(513) 533-2713 (facsimile)
>pts@sspfirm.com
>jmn@sspfirm.com
>**Trial Attorneys for Debtor**

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on the date of filing on all counsel of record through the court's CM/ECF system, and that non-represented parties will be served at the address reflected in the creditor matrix.

>*/s/ Jeffrey M. Nye*
>Jeffrey M. Nye (0082247)