**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



*Beth A. Buchanan*
Beth A. Buchanan
United States Bankruptcy Judge

**Dated: November 16, 2018**

___

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| In Re | ) |
| | ) Case No. 18-12585 |
| SUZANNE BAIR | ) Chapter 7 |
| | ) Judge Buchanan |
| Debtor | ) |
| | ) |
| BARESTONE, LLC, *et al.*, | ) Adv. Proc. 18-1062 |
| | ) |
| Plaintiff(s) | ) |
| v. | ) |
| SUZANNE BAIR | ) |
| | ) |
| Defendant(s) | ) |

### ORDER GOVERNING PRETRIAL AND TRIAL PROCEDURES IN ADVERSARY PROCEEDINGS (OR PREHEARING AND HEARING PROCEDURES IN CERTAIN CONTESTED MATTERS) AND ORDERING PRELIMINARY PRETRIAL STATEMENT

This order is intended to familiarize you with the procedures and forms required in adversary proceedings and certain contested matters assigned to United States Bankruptcy Judges in the Southern District of Ohio. The term attorney, as it is used in this order and the Preliminary Pretrial Statement, includes the case attorney and any other attorney designated or authorized to

appear in this action as well as any individual or entity appearing *pro se*. All filings required by this order shall be on the forms or exact reproductions of the forms available from the Clerk of the Bankruptcy Court in this district or on the Court's website at *www.ohsb.uscourts.gov*.

## I. LOCAL RULES

The attention of every attorney is directed to the Local Rules for the United States Bankruptcy Court for the Southern District of Ohio (LBR), copies of which are available from the Clerk of the Bankruptcy Court in this district or on the Court's website at *www.ohsb.uscourts.gov*.

## II. PRELIMINARY PRETRIAL STATEMENT

In order to provide the Court with relevant information concerning the issues in a particular proceeding and to expedite the disposition of adversary and contested matters in which an evidentiary hearing may be required, the Court, pursuant to the provisions of Rule 7016 of the Federal Rules of Bankruptcy Procedure and Rule 16 of the Federal Rules of Civil Procedure, hereby orders each party to hold the mandatory Rule 26(f) Fed. R. C. P. conference not later than **December 21, 2018** and file the Preliminary Pretrial Statement (LBR Form 7016–1-PPS) not later than **December 21, 2018**. Each party shall serve its Preliminary Pretrial Statement on every other party to this action. If there are multiple defendants, the plaintiff shall file a Preliminary Pretrial Statement as to each defendant unless such separate statements would be identical.

The Preliminary Pretrial Statement is designed to highlight any procedural issues that require resolution, outline an initial discovery schedule and initiate procedures to aid in the resolution of this action either by decision of the court or by agreement of the parties. Witness Lists and Exhibit Lists are not required at the time a Preliminary Pretrial Statement is filed.

## III. PRETRIAL CONFERENCE(S)

Following a review of the initial pleadings and the Preliminary Pretrial Statements, the Court may issue an order setting a pretrial conference.

At the time of any pretrial conference, in addition to being prepared to discuss the information contained in the filed Preliminary Pretrial Statements and the applicable subjects for consideration set forth in Bankruptcy Rule 7016(c) and Rule 26(a) and (f) Fed.R.Civ.P., each attorney shall report on the settlement efforts required by the Preliminary Pretrial Statement and shall have the authority, or be able to receive such authority during the pretrial conference, to offer and/or accept a settlement. In cases when a party is a governmental unit or official, authority to settle must be available within a reasonably short time after the pretrial conference.

Further, each attorney shall be prepared to specifically discuss proposed dates for: (1) the filing of all amendments to the pleadings or motions; (2) completion of discovery; (3) the filing of stipulations; (4) the exchange and filing of witness lists and information; (5) the exchange and filing of exhibits and exhibit lists, including joint exhibits; (6) trial, including the amount of time anticipated; (7) the exchange and filing of any trial briefs; and (8) any written status report or further pretrial conference. Failure of an attorney to appear at any subsequently scheduled pretrial conference or otherwise comply with provisions of this order may result in dismissal of the proceeding or matter, a default judgment or such other remedy as may be appropriate. Any attorney may request a pretrial conference if one is not ordered by the Court.

### IV. COURTROOM CONDUCT

The following procedures are to be followed in all proceedings in open court:

**(A)** At the commencement of the proceeding, each attorney shall stand and state his or her name and introduce by name the parties and witnesses present for that attorney's cause. Each attorney shall also state that the names of all witnesses and copies of all proposed exhibits have been exchanged with all other attorneys; or, shall state the names of all witnesses and provide copies to all other attorneys of all proposed exhibits that have not been exchanged.

**(B)** All persons, whether counsel, parties or witnesses, shall be formally addressed by their surnames wherever possible.

**(C)** All documentary exhibits shall be prepared for presentation at any proceeding as follows: the original exhibit to be introduced in the proceeding and a copy for the witness, any other attorney, the examining attorney, the court and the court's law clerk.

### V. WITNESS LISTS AND EXHIBIT LISTS

The instructions attached to the Preliminary Pretrial Statement govern the preparation and filing of witness and exhibit lists in this case or proceeding.

### VI. JURY TRIAL PROCEDURES

Local Bankruptcy Rule 9015–1 and Bankruptcy Rule 9015 govern the procedural aspects connected with jury trial procedures in this court.

**SO ORDERED**.

Copies to:

Brian R. Redden, Esq.
Jeffrey M. Nye, Esq.
Paul T. Saba, Esq.