# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re:** | **Chapter 7** <br> **Case No. 1:18-bk-12585** |
| **Suzanne Bair,** | |
| *Debtor.* | **Judge Beth A. Buchanan** |
| **Barestone, LLC, et al.** | **ADV. PRO. NO. 1:18-ap-01062** |
| **Plaintiffs** | |
| v. | |
| **Suzanne Bair,** | |
| **Defendant-Debtor.** | |

---

## DEBTOR'S MOTION FOR SUMMARY JUDGMENT

---

Debtor Suzanne Bair moves for summary judgment on all claims by plaintiff-creditors Kingston Development and Barestone LLC. The claims are barred by one or more of the doctrines of res judicata, judicial estoppel, mootness, or the single satisfaction rule. In brief, by order of the Hamilton County Court of Common Pleas and at Kingston's request, Kingston was paid several thousand dollars "in satisfaction" of its claims arising out of the same transaction, or common nucleus of operative facts, that forms the basis of this action. Because those claims were adjudged to have been

1

satisfied, Kingston—and Barestone, as privy of Kingston—are barred from raising them a second time and seeking a double recovery in this action.

## I. <u>Res judicata bars relitigation of resolved claims.</u>

"Res judicata" is often imprecisely used to refer to two distinct concepts—claim preclusion (sometimes itself called "res judicata," or "estoppel by judgment"), and issue preclusion (sometimes called "collateral estoppel").

Claim preclusion bars an action if the same parties or their privies previously litigated a case based on or arising out of the same "transaction," or "common nucleus of operative facts." *O'Nesti v. DeBartolo Realty Corp*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6; *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382. In essence, where a claim either was or "could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *O'Nesti* at ¶6.

Issue preclusion (sometimes called "collateral estoppel") is more broad—it "serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *O'Nesti* at ¶7.

While state-court decisions have no preclusive effect on the ultimate question of dischargeability (because of bankruptcy courts' exclusive jurisdiction to make that determination) state-court decisions *do* give rise to claim preclusion on the question of liability, and also give rise to issue preclusion with respect to any other issue finally

2

adjudicated in prior litigation between the parties or their privies. *See, e.g., In re Freeman*, 68 B.R. 904, 906-907 (M.D. Penn. Bankr. 1987).

## II. These plaintiff-creditors have raised these claims before.

The complaint in this case generally alleges that Debtor used a company called Bair Build to defraud plaintiff-creditors Kingston and Barestone; Kingston and Bair Build are the members of Barestone, which is alleged to have been formed to develop property on Republic Street in Cincinnati.

This is not the first case in which Kingston and Barestone raise those allegations—it is at least the fourth.

The first time Kingston and Barestone raise those allegations was in the Hamilton County Common Pleas court, in a case titled *Barestone, LLC, et al. v. Bair Build, LLC, et al.*, number A1704728 (*Barestone I*). Indeed, Kingston and Barestone disclosed the existence of *Barestone I* by attaching a copy of the first amended complaint in that case as Exhibit E (doc. 1-5) to the complaint in this case.[1] Kingston and Barestone are the plaintiffs in *Barestone I* and Debtor is one of the defendants. The complaint alleges several claims, including fraud and fraudulent transfer, all in connection with the development of the Republic Street property. What Kingston and Barestone have failed to disclose is the subsequent "satisfaction" of those claims; see below.

---

[1] Doc. 1-5 is the first amended complaint in *Barestone I*. The plaintiffs in that case subsequently filed a second amended complaint. A copy of the second amended complaint in *Barestone I* is authenticated in the Nye Declaration (Exhibit 1 to this motion) and attached to this motion (Exhibit 2).

3

The second time Kingston and Barestone raise these allegations was also in the Hamilton County Common Pleas court, this time in a case titled *Union Savings Bank v. Barestone, LLC, et al.*, number A1706729 (*Barestone II*). This time the relevant allegations were in a cross-claim and third-party complaint, and a copy of that pleading is authenticated in the Nye Declaration and attached to this motion as Exhibit 3. Once again Debtor is one of the cross-claim or third-party defendants and once again the pleading alleges claims such as fraud and fraudulent transfer, all in connection with the development of the Republic Street property. In fact, *Barestone II* explicitly re-raises the claims that Kingston and Barestone already raised in *Barestone I*—the *Barestone I* pleading was attached to the *Barestone II* cross-claim/third-party complaint and "incorporate[d] by reference"—meaning that *Barestone II* raised the same claims relating to the creation of Barestone and the development of the Republic Street property as *Barestone I.* And, the relief sought in *Barestone II* was a judgment against Debtor and Bair Build "as prayed for in [*Barestone I*]." *See* Nye Declaration ¶4, and Exhibit 3 (*Barestone II* cross-claim and third-party claim) at ¶1 (attaching and incorporating *Barestone I* pleading) and at pages 5-6 (prayer for relief in *Barestone II*).

The third time Kingston and Barestone raise these allegations was in another chapter 7 case in this District—that of Debtor's son, DJ Bair. Kingston and Barestone filed a nondischargeability action against DJ Bair (no. 1:18-ap-1022) raising all the same claims, such as fraud and fraudulent transfer, all in connection with the development of

4

the Republic Street property. *See* Nye Declaration at ¶6, and Exhibit 5. The court dismissed that complaint. *See* Nye Declaration at ¶7, and Exhibit 6.

That brings us to this case—the fourth time (at least) that Barestone and Kingston have raised fraud and fraudulent transfer (among other) claims relating to the development of the Republic Street property. It is important for the Court to understand the degree of overlap between this case, *Barestone I*, and *Barestone II*. For starters, both this case and *Barestone II* expressly "incorporated by reference" all the allegations in *Barestone I*. *See* Complaint, Doc. 1, at ¶60-61 and Exhibit E; Nye Declaration at ¶4, and Exhibit 3 (*Barestone II* cross-claim and third-party claim) at ¶1.

But even if not for the incorporation by reference, the complaints were already substantively identical. For example, the operative complaint[2] in *Barestone I* contains a section titled "Facts Common to All Claims," which starts at ¶10 and spans about forty paragraphs. That section of the *Barestone I* complaint is either verbatim[3] or nearly verbatim[4] to paragraphs 15 through 59 of the complaint in *this* case.

---

[2] The *Barestone I* pleading that was incorporated by reference was the first amended complaint. About two weeks after this action was filed, Barestone and Kingston filed a second amended complaint in *Barestone I*. This section of the brief discusses that second amended complaint.

[3] The term "verbatim" here includes paragraphs that are identical except for the different use of defined terms. For instance, 34 of the 35 words in ¶10 of the *Barestone I* complaint match ¶15 of the complaint in this case—the only difference is that *Barestone I* refers to the construction on Republic Street as the "Properties" and this case refers to it as the "Project." Debtor treats those as verbatim in this discussion. Another example is that parties are named with subtle differences—e.g., Debtor is referred to as "Bair" in this case and "Suzanne" in *Barestone I*. This list is not exhaustive; there are other similar substitutions. But in each case the substance remains the same.

[4] "Nearly verbatim" means that the substance is the same, but that one of the documents contains a sentence or phrase that is missing from the other document.

5

The following table correlates the two pleadings and cases:

| This paragraph of this case's complaint... | … matches this paragraph of the *Barestone I* complaint | Notes |
|---|---|---|
| 15 | 10 | Verbatim |
| 16 | 11 | Verbatim |
| 17 | 13 | Verbatim |
| 18 | 14 | Verbatim |
| 19 | 15 | Nearly verbatim |
| 20 | 16 | Verbatim |
| 21 | 17 | Nearly verbatim |
| 22 | 18 | Verbatim |
| 23 | 19 | Verbatim |
| 24 | 20 | Verbatim |
| 25 | 21 | Verbatim |
| 28 | 22 | Verbatim |
| 29 | 23 | Verbatim |
| 30 | 24 | Verbatim |
| 31 | 25 | Verbatim |
| 32 | 26 | Nearly verbatim |
| 33 | 27 | Nearly verbatim |
| 34 | 28 | Nearly verbatim |
| 35 | 29 | Verbatim |
| 36 | 30 | Verbatim |
| 37 | 31 | Verbatim |
| 39 | 32 | Nearly verbatim |
| 40 | 33 | Nearly verbatim |
| 41 | 34 | Verbatim |

| | | |
|---|---|---|
| 42 | 35 | Verbatim |
| 43 | 36 | Verbatim |
| 44 | 37 | Verbatim |
| 46 | 38 | Verbatim |
| 47 | 39 | Verbatim |
| 48(a)-(h) | 40(a)-(h) | Verbatim |
| 49 | 41 | Verbatim |
| 50 | 42 | Verbatim |
| 51 | 43 | Verbatim |
| 52 | 44 | Verbatim |
| 53 | 45 | Verbatim |
| 54 | 46 | Verbatim |
| 55 | 47 | Verbatim |
| 56 | 48 | Verbatim |
| 57 | 49 | Verbatim |
| 58 | 50 | Nearly verbatim |
| 59 | 51 | Verbatim |

As the Court can see, it is indisputable that the facts and circumstances on which this non-dischargeability action are based are identical to the facts and circumstances underpinning *Barestone I*. They are also identical to the facts and circumstances underpinning *Barestone II*, as Kingston and Barestone's cross-claim/third-party complaint in *Barestone II* expressly incorporated *Barestone I*.

### III. **The claims were satisfied by order of the state court.**

When Kingston and Barestone re-asserted their claims in *Barestone II*, they did so in a cross-claim and third-party complaint within a foreclosure action on the Republic Street property. The *Barestone II* court issued its judgment, which included a decree in foreclosure, in the spring of 2018. The property was sold at sheriff's sale. Liens were paid off and there were excess funds available.

Kingston, which was represented in *Barestone II* by the same counsel that represents it here (and the same counsel that represented Barestone in all these cases), asserted that it was entitled to the excess proceeds of the sheriff's sale. At its request, the *Barestone II* court entered an order directing that the excess proceeds be paid to Kingston "in satisfaction" of its claims on "the real property that was the subject of the action in [*Barestone I*]." *See* Nye Declaration at ¶5, and Exhibit 4.

The "real property that was the subject of the action in [*Barestone I*]" was, of course, the same Republic Street property on which the claims in this case are based. As discussed above, ¶15 of the complaint in this case defines "1531 and 1533 Republic Street" as the "Project" that was allegedly fraudulently mismanaged by Debtor. That Order—which was prepared and tendered by Kingston's counsel—is clear that all claims are *satisfied*—not merely some claims, and not merely partially satisfied.

**IV. The satisfaction order in *Barestone II* bars the assertion of the claims now.**

The *Barestone II* court's order that the claims were satisfied prevents the re-assertion of the claims in this proceeding; they are barred by claim preclusion or issue preclusion. That's what happened in *Goforth v. Le-Air Molded Plastics, Inc.*, Ohio App. 8th Dist. Cuyahoga no. 83585, 2004-Ohio-3482. The *Goforth* parties initially litigated claims and counterclaims connected with a stock purchase agreement. *Id.* at ¶3. After some months of litigation, in October 1996 the trial court journalized an order which said in part that "All claims" were "fully satisfied." *Id.* at ¶19 n. 13.

Later, Goforth raised new claims in a second lawsuit, but relating to the same subject-matter as the first. Le-Air moved for summary judgment, arguing that the second lawsuit was barred by res judicata. The trial court granted the motion, and the court of appeals affirmed, writing that Goforth's "claims are barred by res judicata; her claims should have been presented in" the earlier case. *Id.* at ¶16. The appellate court explained that the trial court's order that the claims were "fully satisfied" meant that the case was closed, res judicata attached, and future claims were barred. *Id.* at ¶19. For good measure, the court also said that it would have rejected the claims under other similar doctrines such as waiver or laches. *Id.* at ¶20.

The same result must be reached here. The *Barestone II* court's order expressly states that the money paid to Kingston was "in satisfaction of" the claims asserted in *Barestone II*, which (as discussed above) were the same claims as those asserted in

9

*Barestone I* and this case. Those claims have been "satisf[ied]" pursuant to the *Barestone II* court's order, and res judicata prevents them from being raised now.

For good measure, other doctrines similar to res judicata would require the same result. Judicial estoppel "prevents a party from contradicting previous declarations made during . . . an earlier proceeding if the change in position would adversely affect the proceeding or constitute a fraud on the court." Black's Law Dictionary (deluxe 9th ed. 2009) at 631. Put differently, judicial estoppel "estop[s] a person who accepts the fruits of a judgment from denying its validity." 42 Oh Jur 3d, Estoppel and Waiver, §56. Judicial estoppel surely applies here; the *Barestone II* order indicating that the claims were satisfied was indeed a declaration of Kingston, inasmuch as the order was prepared, tendered, and endorsed by its counsel of record.

Alternatively, the *Barestone II* order could constitute a judicial admission—i.e., a "formal statement[], made by a party or a party's counsel in a judicial proceeding, that act as a substitute for legal evidence at trial." *Haney v. Law*, Ohio App. 1st Dist. Hamilton no. C070313, 2008-Ohio-1843, ¶7. Moreover, a satisfied claim is nonjusticiably moot, because it no longer represents an active case or controversy. And of course the single-satisfaction (or one-satisfaction) rule is the bedrock principle that a claimant "can have but one satisfaction of his claim." *Losito v. Kruse* (1940), 136 Ohio St. 183, 187-188.

Whatever doctrine best fits the scenario, they all compel the same result—Kingston's claim has been satisfied and cannot be raised here.

### V. The satisfaction applies to both plaintiff-creditors.

Finally, the satisfaction applies to Barestone too, because of the privity between Barestone and Kingston. Parties are "privies," or "in privity" with one another, if they have "a mutuality of interest, including an identity of desired result" with each other. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶8. Privity extends not only between aligned parties, but also between parties and their counsel: "attorneys who represent a party in an earlier action are privies with that party in a subsequent action." *533 Short N. LLC v. Zwerin*, Ohio App. 10th Dist. Franklin no. 14AP-1016, 2015-Ohio-4040, ¶37.

Here, Kingston and Barestone are inextricably aligned and connected. In each of the four actions—*Barestone I*, *Barestone II*, DJ Bair's chapter 7 case, and this case—they asserted the same claims arising out of the same transaction. They were represented in all four proceedings by the same counsel. Perhaps most importantly, throughout their filings in all four cases, Kingston and Barestone frequently do not bother to distinguish between themselves, and never do so with respect to any individualized claim, harm, damage, or remedy. Instead, the complaint in this case (and indeed in the others) refers nebulously to the "Plaintiff-Creditors," treating Kingston and Barestone as a single entity. There is no claim which is alleged by only one of them—they are always treated jointly or interchangeably. This is the epitome of "a mutuality of interest" and "an

11

identity of desired result." Kingston and Barestone thus are in privity for purposes of res judicata, and they are both precluded from re-asserting the satisfied claims.

**VI. <u>Conclusion</u>**

The claims of plaintiff-creditors Kingston and Barestone were satisfied when, at their request, the Hamilton County Common Pleas Court in *Barestone II* ordered distribution of funds to Kingston. They have no claims that they can assert or raise here. Debtor is entitled to summary judgment.

Respectfully submitted,

<u>/s/ *Paul T. Saba*</u>
Paul T. Saba, Esq. (0063723)
Jeffrey M. Nye, Esq. (0082247)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2713 (facsimile)
paulsaba@sspfirm.com
**Attorneys for Debtor**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served on November 21, 2018 upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

<u>/s/ *Paul T. Saba*</u>
Paul T. Saba, Esq. (0063723)