**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 1:18-bk-12585 |
| Suzanne Bair, | |
| Debtor. | Adv. Pro. No. 1:18-ap-01062 |
| _____ | |
| Barestone, LLC, et al. | |
| Plaintiffs, | |
| vs. | |
| Suzanne Bair, | |
| Defendant-Debtor. | |

**JUDGMENT CREDITORS' RESPONSE IN OPPOSITION TO
DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

**I.  Introduction**

Res judicata is a complicated legal doctrine, as Debtor Suzanne Bair ("Debtor") recognizes in her motion. (Doc. 6 at 2.) The term, as she recognizes, has been used to imprecisely refer to two concepts: claim preclusion and issue preclusion. (*Id*.) This impreciseness has created some confusion in this area of the law. Yet, instead of clarifying the exact basis for her motion, Debtor continues this impreciseness and, in fact, entirely relies on this imprecision as the cornerstone of her motion. Despite identifying both claim preclusion and issue preclusion concepts, she never identifies which legal doctrine she contends applies to this case and would authorize the Court to grant summary judgment. Indeed, she argues the claim in this proceed "are barred by claim preclusion or issue preclusion." (*Id*. at 9.) In fact, she never provides the Court with the actual elements of

either claim preclusion or issue preclusion, perhaps because that would doom her contentions from the outset.

In addition to these doctrines, she identifies no less than four other purportedly applicable doctrines that *may* apply, thoroughly analyzing none of them, and then leaves the issue to the Court: "[w]hatever doctrine best fits the scenario, they all compel the same result—Kingston's claim has been satisfied and cannot be raised here." (*Id.* at 10.) Summary judgment is entirely inappropriate on such a record, as it is not the Court's role to analyze the legal doctrines Debtor identifies (without any analysis of her own) and decide whether one might apply to the factual situation at hand.

Moreover, none of the legal doctrines Debtor identifies apply to this situation—for several reasons. First, the state courts have not decided either the claims or issues asserted in this action. While Plaintiffs Kingston and Barestone (collectively, "Plaintiffs") have asserted these claims in the state court proceedings in diligent protection of their rights, there has never been a judgment on the merits of any of these claims. And, for preclusion purposes, it is the decision on the claims, not the assertion of claims, that govern whether certain claims or issues are precluded in the future.

Second, the judgment Debtor points to as being "full satisfaction" of all Plaintiffs' claims specifically noted that it satisfied only those claims related to a specific parcel of property. As described below, Plaintiffs' claims involve more than simply a specific property—they involve claims between the entities. That judgment does not, and cannot, constitute satisfaction for the claims asserted herein, as liability of those claims has never been establish by any court. None of Debtor's other arguments have merit for similar reasons.

Debtor's underdeveloped arguments do not show that no genuine issues of material fact exist and that Debtor is entitled to judgment as a matter of law. The Court should deny Debtor's motion.

## II. Factual Background

### A. Bair Build and Kingston Go Into Business Together, But Their Relationship Quickly Devolves, Leaving Kingston Being Owed Significant Funds from Bair Build and Its Principals.

This case is a lesson in all the things that can go wrong when one decides to engage with a business partner in a construction project. Plaintiff Kingston partnered with Bair Build to form Barestone. (Doc. 1 at ¶ 15.) Bair Build was intended to be the manager of Barestone, with its primary function to be managing the construction of two properties on Republic Street in Over the Rhine. (*Id.*) Kingston was to be more of the "silent partner," supplying capital to the relationship.

Things started off fine, but at some point, Bair Build completely abdicated its responsibilities in managing the construction of the properties. (*Id.* at ¶¶ 23-59.) Not only that, but it also affirmatively diverted money to itself and/or its principals, DJ Bair and Debtor, to which Kingston, as half owner of Barestone, was entitled. (*Id.* at ¶¶ 23, 48.) Once Kingston became aware of Bair Build's actions, Kingston took over management of Barestone and attempted to "steer the sinking ship" and salvage the properties. (*Id.* at ¶ 49.)

At that point, things could not be completely righted, and litigation ensued.

### B. The Malfeasance Action, Hamilton County Case No. A1704728

On September 8, 2017, Plaintiffs and Kingston's principals sued Bair Build, DJ Bair, and Debtor alleging claims for: (1) breach of contract for exceeding construction budget and otherwise breaching the construction contract; (2) breach of fiduciary duties

3

by Bair Build to Kingston based on Bair Build's deficient management of Barestone; (3) fraud based on Bair Build's actions during the construction process; (4) civil conspiracy; (5) conversion; (6) promissory estoppel; (7) piercing the corporate veil, and (8) punitive damages. (*Id.* at ¶ 60; Doc. 1-5.) Plaintiffs amended their Complaint in September 2018 to add Rafterhaus (DJ Bair and Debtor's new entity) as a defendant, to assert a claim of fraudulent transfer, and to remove the piercing the corporate veil claim, because by that time DJ Bair and Debtor had filed bankruptcy. (*Id.*)

### C. Hamilton County Case No. A1705978

On November 17, 2017, the financial institution financing the construction associated with the Republic Street properties (Union Savings Bank) obtained a cognovit judgment against Barestone, DJ Bair, and Debtor in the amount of $290,847.33. (*See* Case No. A1705978 Judgment Entry, attached as Exhibit A.)[1]

### D. The Foreclosure Action, Hamilton County Case No. A1706729

On December 13, 2017, Union Savings Bank took its judgment from Case No. A1705978 and filed a foreclosure action against one of the Republic Street properties. (*See* Case No. A1706729 Complaint, attached as Exhibit B.) To preserve its rights to the claims asserted in Hamilton County Case No. A1704728, Plaintiffs asserted its claims in that proceeding. Ultimately, the Republic Street Property was sold at a sheriff's sale. Once all the necessary parties were paid off, some excess funds remained. Plaintiffs, as well as a separate material supplier, asserted a claim to those remaining funds. Following

---

[1] This Court is permitted to take judicial notice of proceedings in other courts. *Granader v. Public Bank,* 417 F.2d 75, 82 (6th Cir.1969) (taking judicial notice of a habeas petitioner's state court filings for purposes of deciding an exhaustion question); *see also United States v. Doss,* 563 F.2d 265, 269 n. 2 (6th Cir.1977).

some briefing, Plaintiffs and the material supplier agreed to a disbursement of funds, and they submitted an agreed order to the state court, which that court entered (the "Distribution Order"). (*See* Doc. 6-4, Distribution Order.)

Importantly, the Distribution Order addressed only how to distribute the excess funds on deposit with the clerk of courts following the sheriff's sale. (*See id.*) It distributed $4,899.70 to Kingston "in satisfaction of any liens, claims, or encumbrances on the real property that was the subject of the action in Case Number A1706729." (*Id.*) It made no other findings as to the merits of any pending claims. (*See id.*)

### E.  Attempted Consolidation of The Malfeasance Action, Hamilton County Case No. A1704728 and the Foreclosure Action, Hamilton County Case No. A1706729

Prior to entry of the Distribution Order, Plaintiffs moved to consolidate "the Malfeasance Action," Case No. A1704728, and the Foreclosure Action, No. A1706729. Union Savings Bank opposed the consolidation, and the Court ultimately denied consolidation. In its order, the Court expressly found:

> that the interest of judicial economy would not be served by consolidation and that the cases involve separate and distinct matters with minimal commonality. Specifically, the Union Savings Bank case is a foreclosure action upon a monetary judgment already awarded as the result of a cognovit note; in contrast, the above-captioned case essentially arises from alleged misfeasance or malfeasance by certain members of a limited-liability company or others, resulting in conditions that apparently caused the default on the promissory note and the ensuing foreclosure action. ***The claims, as well as the relevant evidence, in each case is significantly separate and distinct that commonality is lacking*** and judicial economy would not be served by even consolidation of discovery.

(Consolidation Order, attached hereto as Exhibit C) (emphasis added).

F.  **Plaintiffs Continue to Pursue Their Claims Against Bair Build and Debtor**

On October 9, 2018, Plaintiffs filed their Complaint against Debtor, initiating this adversary proceeding. In this Complaint, Plaintiffs continue to pursue their claims against Debtor, seeking to protect their rights and obtain a recovery for the unlawful action taken by Debtor and, as it pertains here, to prevent their claims from being discharged in Debtor's bankruptcy.

III. **Legal Analysis**

Debtor's motion raises generally the doctrine of "res judicata" without identifying whether she actually relies on either claim or issue preclusion.[2] To prove claim preclusion, she must show: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties or their privies as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Wright v. Heller*, 1st Dist. Hamilton No. C–160897, 2018-Ohio-149, ¶ 22, 102 N.E.3d 1285, 1291, *appeal not allowed*, 2018-Ohio-1990, ¶ 22, 152 Ohio St. 3d 1482, 98 N.E.3d 296. Importantly, for claim preclusion to apply, the claims must have been previously litigated on the merits. *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 1st Dist. Hamilton Nos. C–070530, C–070549, 2008-Ohio-3697, ¶ 13, 179 Ohio App. 3d 365, 370, 902 N.E.2d 37, 41 (recognizing that "[c]laim preclusion, or estoppel by judgment, provides that a claim that

---

[2] Ohio state law applies to whether claim or issue preclusion bar the present Complaint. *See In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (recognizing that, "[w]hen a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.")

has been litigated on the merits is conclusively determined as to the parties in that case in any subsequent action").

Issue preclusion, on the other hand, requires full litigation of the identified issues **on the merits.** "Issue preclusion, or collateral estoppel, provides that an issue or fact that was fairly, fully, and necessarily litigated and determined in a prior action may not be drawn into question in a subsequent action between the same parties or their privies, regardless of whether the claims in the two actions are identical or different." *Id*. Thus, "[i]ssue preclusion applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'" *In re Fordu*, 201 F.3d at 704 (quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994)).

Because there was never a final state-court judgment on the merits of the claims or issues present in this case, neither doctrine can apply to prohibit Plaintiffs from asserting their claims in this action. The Distribution Order issued below is limited and in fact only provides for the distribution as to the excess funds obtained through a sheriff's sale on property that was only one part of one of the pending cases involving these parties. Finally, none of the other doctrines tossed out by Debtor apply to preclude Plaintiffs from proceeding in this action.

### A. Neither Claim Nor Issue Preclusion Applies Because There Was No Liability Determination by the State Courts.

The majority of Debtor's briefing is spent on identifying the ways in which Plaintiffs' allegations are similar to those in the state proceedings. Plaintiffs do not dispute that they asserted the claims believed to be at issue between the parties in the

7

various lawsuits identified by Debtor. Indeed, they had to, in order to preserve their rights. *See Wright*, 2018-Ohio-149, ¶ 20 (recognizing that "[r]es judicata requires that a party to a lawsuit must present every ground for relief in that action or be forever barred from asserting any additional grounds").

But the fact that these claims were asserted in the state courts is irrelevant to the issues before this Court because the parties have not yet actually litigated these claims, nor any the state court issued a final, valid judgment adjudicating these claims. Claim preclusion requires a "prior valid judgment on the merits." *Id.* at ¶ 22. Debtor points to no order or judgment that resolves the claims pending in this Court, or even the merits of the claims pending in state court. This is because one does not exist. Similarly, Debtor cannot rely on issue preclusion, because no issue currently pending before this Court was "passed upon and determined by a court of competent jurisdiction," nor have the parties yet "actually and directly litigated" these issues. *In re Fordu*, 201 F.3d at 704. As the docket of "the Malfeasance Action," Case No. A1704728, shows, that matter is set for trial in June 2019, and the parties have not yet even engaged in any discovery. (*See* Case Schedule Docket for Case No. A1704728, attached as Exhibit D.)

Debtor's reliance on the Distribution Order borders on frivolous. That order expressly notes that it disburses $4,899.70 to Kingston "in satisfaction of any liens, claims, or encumbrances on the real property that was the subject of the action in Case Number A1706729." (*See* Doc-6-4.) It does not contain an analysis or adjudication of the merits of any of Plaintiffs' claims against Debtor—in fact, it does not even reference Plaintiffs' claims. Thus, it cannot constitute a final judgment as to those claims asserted here.

8

This conclusion is further supported by the state court's order in response to Plaintiffs' motion to consolidate "the Malfeasance Action" and the "Foreclosure Action." That court denied the motion because "the interest of judicial economy would not be served by consolidation and that the cases involve separate and distinct matters with minimal commonality." (Exhibit C.) That court noted that one matter was "a foreclosure action upon a monetary judgment already awarded as the result of a cognovit note," while the other "arises from alleged misfeasance or malfeasance by certain members of a limited-liability company or others, resulting in conditions that apparently caused the default on the promissory note and the ensuing foreclosure action." (*Id.*) That court concluded that "the claims, as well as the relevant evidence, in each case is significantly separate and distinct that commonality is lacking and judicial economy would not be served by even consolidation of discovery." (*Id.*) For the same reasons, the Distribution Order certainly did not resolve the claims asserted against Debtor herein.

Because the claims and issues central to this adversary proceeding have not been actually and fully litigated, nor has there been any final valid judgment on them, neither claim nor issue preclusion bars Plaintiffs' Complaint in this action. Debtor's motion should be denied.

**B.  Debtor's Other Legal Doctrines Do Not Support an Award of Summary Judgment.**

In what can only be described as a last-ditch effort, Debtor throws out four other doctrines she claims bars Plaintiffs' Complaint in this action. She offers no analysis or support for her argument that these doctrines apply, and instead seems to leave it to the Court to figure it out. That is obviously not the Court's role, nor is it the opposing party's role to do so. However, all of Debtor's arguments are premised on the application of the

Distribution Order. As discussed above, the Distribution Order does not resolve the merits of the claims and issues asserted by Plaintiffs against Debtor. As such, none of the identified doctrines apply.

### IV. Conclusion

For these reasons, the Court should deny Debtor's Motion for Summary Judgment.

Respectfully submitted,

*s/ Brian R. Redden*
Brian R. Redden (Ohio Bar No. 0070610)
Christen M. Steimle (Ohio Bar No. 0086592)
BUECHNER HAFFER MEYERS & KOENIG CO., LPA
221 E. Fourth Street, Suite 2300
Cincinnati, Ohio 45202
Phone: (513) 579-1500
Fax: (513) 977-4361
Email: bredden@bhmklaw.com
csteimle@bhmklaw.com
***Counsel for Plaintiff-Creditors***

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on December 12, 2018 and shall be served upon all counsel of record via e-mail and through this Court's CM/ECF filing system and, if not represented, to the party's address of record on the creditor matrix in this action attached to Defendant-Debtor's Petition.

*s/ Brian R. Redden*
Brian R. Redden
***Counsel for Plaintiff-Creditors***