# Exhibit C



D121228572

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

ENTERED
MAR 13 2018

| | | |
|---|---|---|
| **BARESTONE, LLC,** *et al.*, | : | Case No. A-17-04728 |
| | : | |
| Plaintiffs, | : | Judge HARTMAN |
| | : | |
| v. | : | |
| | : | |
| **BAIR BUILD COMPANY,** *et al.*, | : | **ENTRY DENYING** |
| | : | **MOTION TO CONSOLIDATE** |
| Defendants. | : | |

This matter is before the Court on the *Motion to Consolidate* filed by Plaintiff BARESTONE, LLC, wherein it seeks an order consolidating the present case with the later-filed case of *Union Savings Bank v. Barestone, LLC, et al.*, Case No. A-17-06729. Having reviewed the memoranda in support and opposition, together with oral argument having been conducted thereon, the Court finds that the interest of judicial economy would not be served by consolidation and that the cases involve separate and distinct matters with minimal substantive commonality. Specifically, the *Union Savings Bank* case is a foreclose action upon a mortgage based upon a monetary judgment already awarded as the result of a cognovit note; in contrast, the above-captioned case essentially arises from alleged misfeasance or malfeasance by certain members of a limited-liability company or others, resulting in conditions that apparently caused the default on the promissory note and the ensuing foreclosure action. The claims, as well as the relevant evidence, in each case is significantly separate and distinct that commonality is lacking and judicial economy would not be served by even consolidation of discovery.

Furthermore, while both cases seek the sale of the same real property, the end result would be the same, *viz.*, payment to UNION SAVINGS BANK in satisfaction, or at least partial satisfaction, of its lien. Whether the property is sold through a foreclosure action or through the



above-captioned case, the end result is payment to UNION SAVINGS BANK and a divesture of any interest of BARESTONE in the property. Furthermore, to delay the sale of the property by awaiting adjudication of the sundry claims in the above-captioned case would unduly delay and prejudice UNION SAVINGS BANK in its recovery. Not only is UNION SAVINGS BANK not a party to the above-captioned case, but it also stands as an innocent third-party to the alleged misfeasance or malfeasance giving rise to the cases.

In toto, the dearth of common questions of law and fact, the distinct nature of the claims brought, and the prejudice and delay that UNION SAVINGS BANK would incur should consolidation occur all militate against the *Motion to Consolidate*. Thus, based upon those factors and the general equities involved, the Court DENIES the *Motion to Consolidate*.

**SO ORDERED.**

MAR 13 2018

Curt C. Hartman, Judge
Hamilton County Common Pleas Court
Judge Curt C. Hartman

- 2 -