# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **SUZANNE BAIR,** | **Case No. 1:18-bk-12585** |
| *Debtor.* | **Adversary proceeding 1:18-ap-01062** |
| | **Judge Beth A. Buchanan** |
| **BARESTONE, LLC**, et al., | |
| **Plaintiffs,** | |
| v. | |
| **SUZANNE BAIR,** | |
| **Defendant-Debtor.** | |

## DEBTOR'S ANSWER TO FIRST AMENDED COMPLAINT

### FIRST DEFENSE

In response to the first amended complaint, Debtor answers as follows.

1. Debtor admits the allegations in paragraphs 1-3.

2. In response to paragraph 4, Debtor admits that she is Debtor in the underlying Chapter 7 proceeding but denies all remaining allegations.

3. In response to paragraph 5, Is Suzanne the sole member/owner of Bair Build?

4. Debtor denies for lack of knowledge the allegations in paragraph 6.

1

5. In response to paragraph 7, Debtor admits that Bairstone is an Ohio Limited Liability company but denies for lack of knowledge where Kingstone, which is operating Barestone, is conducting its business.

6. In response to paragraph 8, Debtor admits that Bairstone was formed but denies the remainder.

7. Debtor admits the allegations in paragraph 9.

8. In response to paragraph 10, Debtor admits that the documents attached as Exhibits A and B to the Complaint are true and accurate copies and states that they speak for themselves. Further answering, Debtor admits that the Operating Agreement was executed by DJ Bair—not Debtor—and that the Operating Agreement states that DJ Bair—again, not Debtor—is the manager of Bair Build, LLC. In other words, the Operating Agreement defeats the Plaintiffs' allegations. Lastly, Debtor admits that members of Bairstone made capital contributions but denies the remainder of the allegations.

9. In response to paragraph 11, Debtor admits that Bair Build created the value for Bairstone and purchased certain parcels of real property. Bair Build and the Debtor obtained a loan from Union Savings Bank, which the Debtor, not Plaintiff, Kingston had to personally guarantee The Plaintiff Kingston was not an obligors on the loan with Union Savings so the allegation that Plaintiffs relied upon any alleged representations to Union Savings or was damaged as a result, is frivolous. If Bair Build misrepresented facts to the

Union Savings as alleged, which the Debtor denies, the Plaintiffs were not damages as a result and only the Debtor and her late husband and DJ Bair were damaged. Debtor denies all remaining allegations as written.

10. In response to paragraphs 12 and 13, Debtor admits that Bair Build originated contracts to remolded the parcels of real estate on June 30, 2015 and July 16, 2015, and as the Plaintiffs know and understood, Bair Build not Bairstone, would be the general contractor that would be performing the work. The Plaintiffs wanted to isolate themselves from liability from the customer or the contractors so instead of Bairstone being the general contract, it was just the real estate holding company. As the Plaintiffs know and requested, Bair Build and entered into a direct contractual relationship with the customer and pursuant to the contract, the customer paid the security deposit to the Bair Build because it was the general contractor for the remodeling. As such, the deposit was appropriately paid to Bair Build. Furthermore, Bair Build denies it is was improper for the security deposit to be paid to Bair Build because according to Section 6.4(a) of the Operating Agreement, Bairstone owed Baird Build an 11% construction management fee, which Bairstone was required to pay monthly as construction progressed, and the execution of the purchase contracts was the commencement of the construction. In other words, any such payment was proper and consistent with the Operating Agreement. Additionally, if the receipt of the security deposit were theft (as the Plaintiffs improperly allege and Debtor denies), any claim would be barred by the 1 year statute of limitations

to pursue a civil theft claim. Bair Build agrees it could not sell the real estate nor did it ever attempt to do so. Debtor denies the remainder of the allegations in paragraphs 12 and 13.

11.     In response to paragraph 14, Debtor admits that in June 2015 and July 2015, the Plaintiffs inappropriately demanded the security deposits be paid to Bairstone, notwithstanding the fact that Bair Build was the general contractor and was solely and exclusively liable to the contractors and needed the money to pay the same and the Operating Agreement which expressly obligated Bare stone's to pay Bair Build on monthly basis. Debtor denies the remainder of the allegations.

12.     Debtor admits the allegations in paragraph 15.

13.     In response to paragraph 16, Debtor admits that Bair Build started construction but denies all remaining allegations. Further answering, Debtor states that the construction documents would speak for themselves.

14.     Debtor denies for lack of knowledge what statements or communications are referred to in paragraph 17, but such documents would speak for themselves, and the projections cannot form the basis of a fraud claim. Additionally, as the manager of Bairstone, Bair Build did not need Bairstone or Kingston's consent to draw additional funds on the construction loan, and Plaintiffs neither relied upon—nor changed their position based upon—the construction projections. Kingston was not an obligor on the loan but the Debtor was so if Bair Build's statements to the lender were false, which the

4

Debtor denies, it only hurt the Debtor not Kingston. Debtor denies the remainder of the allegations.

15. Debtor denies the allegations in paragraph 18. Further answering, Debtor states that the alleged misrepresentations were not made by Debtor, nor did the Debtor obtain any benefit from the alleged misrepresentations and therefore, they cannot form the basis for a non-dischargeable claim.

16. Debtor denies the allegations in paragraph 19. Further answering, Debtor states that the allegation that Bair Build concealed from Union Savings Bank mechanic's liens or judgments—which are matters of public record that Union Savings Bank was checking with each draw request—is ludicrous. Additionally, according to the Operating Agreement, Bair Build was entitled to receive $85,360 as its construction management fee.

17. Debtor denies the allegations in paragraph 20. Further answering, Debtor states that any alleged theft or larceny, which Debtor denies, is barred by the 1year statute of limitations.

18. In response to paragraph 21, Debtor states that Exhibit D, which is signed by DJ Bair—not Debtor—speaks for itself, and the statements therein cannot form the basis of a fraud claim because they are projections. Debtor denies the remainder of the allegations as written.

19. Debtor admits the allegations in paragraph 22.

20. In response to paragraph 23, Debtor admits that Kingston removed Bair Build and appointed itself as managing member of Bairstone by December 2016 at the latest and that thereafter, all of the alleged losses occurred while Kingston was mismanaging the projects. Debtor denies the remainder of the allegations as written.

21. In response to paragraph 24, Debtor admits that the sale of 1531 Republic Street closed in July 2017. Further answering, Debtor states that if Kingston expended additional funds, according to the express terms of the Operating Agreement attached to the Complaint, it had no obligation to do so. Kingston was not an obligor on the loan with the lender nor was it a party to any contracts with the customer or the subcontractors. As such, if Kingston advanced any funds to Bairstone it did so voluntarily, and any such payments constituted either a loan to Bairstone (not damages), or an additional capital contribution and an investment in Bairstone, which is not damages. According to the express terms of the operating agreement any additional capital contribution by Kingston would be a liquidating capital contribution because it reduced Bair Build's interest in Bairstone to the extent that Kingston contributed money and Bair Build did not. Under either scenario, Kingston has not been damaged nor has the Debtor benefited in any way so the Plaintiffs have failed to state claim. Debtor denies the remainder of the allegations.

22. In response to paragraph 25, Debtor denies that Bairstone was entitled to the money or damaged.

23. In response to paragraph 26, Debtor admits that as a result of Kingston's mismanagement and neglect a Bairstone asset was the subject of a foreclosure sale while Kingston was the manager. Further answering, Debtor states that losing a speculative profit is not a damage nor has the Debtor been benefited by the alleged lost profit. Debtor denies the remainder of the allegations as written.

24. In response to paragraph 27, Debtor admits the fact of the adversary proceeding but denies the allegations alleged therein. The allegations in that adversary proceeding cannot form the basis of a claim for the Plaintiffs. Debtor denies the remainder of the allegations.

25. Debtor denies the allegations contained in paragraph 28 as written. Further answering, Debtor states that even if true, the Plaintiffs were damaged as alleged, which the Debtor denies, the Plaintiffs alleged damaged were not as a result of the alleged fraudulent transfer and as such, the Plaintiffs have failed to state a claim for fraudulent transfer based upon any legal theory. Additionally, the Plaintiffs' alleged debt, which is denied, did not arise from the alleged fraudulent transfer so the transfer cannot form the basis of a claim for the Plaintiffs.

26. Debtor denies the allegations contained in paragraphs 29 and 30. Indeed, the allegations in paragraphs 29 and 30 prove that Plaintiffs have failed to state a claim and should be sanctioned—the law is clear that any judgment entered under Section 523(A)(2) or Section 523(A)(6) must be based upon the debtor's own conduct, which is

not the case here. Additionally, the Plaintiffs' damages are irrelevant, because a Section 523(A)(2) judgment may not exceed the amount of benefit to a debtor that the fraudulent conduct created. The Plaintiffs have failed to state a claim based upon 523(A)(6).

27. In response to the allegations contained within paragraphs 31 through 41, Debtor denies the allegations and states that the Plaintiffs know the allegations are frivolous because as the Plaintiffs allege, they took over Bairstone and when they did, they removed the Debtor as a signor on the checking account and restricted all access to the financial records to just the Plaintiffs. As reflected in the Plaintiffs' records, which the Plaintiffs have access to, one of the Debtor's affiliated companies deposited $39,272.15 into the Bairstone checking account to record the Debtor's additional capital contribution and then on the same day the exact amount of money was withdrawn with a check written to cash (so the funds would be immediately available) and then deposited into the Bair Build the same day so that Bair Build could pay the contractors performing the work on the Republic Property owned by Bairstone. Additionally, if the check were theft as alleged, which Debtor denies, the claim would be barred by the 1 year statute of limitations. Lastly, under Ohio law, a claim alleging conversion of money (rather than of goods) will only lie if "identification is possible and there is an obligation to deliver the specific money in question." *Dice v. White Family Cos.*, Ohio App. 2d Dist., 2007-Ohio-5755, ¶17.

28. In cases where plaintiffs have alleged only financial loss and no other damages, which is the case here, Section 523(a)(6) simply does not apply. Further answering, Debtor states that any judgment entered under Section 523(A)(2)(A) may not exceed the amount of benefit to a debtor that the fraudulent conduct created.

29. Debtor denies the allegations in paragraphs 42 through 45.

30. Debtor denies all the allegations in paragraphs 46 through 50?

31. Debtor denies the allegations in paragraphs 51 through 59.

32. Debtor denies the allegations in paragraphs 60 and 61. Further answering, Debtor states that the law is clear—the Plaintiffs are not entitled to attorney fees or prejudgment interest under Section 523(A)(2).

33. Debtor denies any allegations not expressly admitted herein.

## **ADDITIONAL DEFENSES**

34. The complaint fails to state a claim upon which relief can be granted. Among other things, Debtor is not a member of Barestone and thus owes no duties to either Barestone or its other member, Kingston.

35. The allegations and claims are not based upon Debtor's conduct, and the complaint fails to state a claim upon which relief can be granted.

36. The claims are barred by one or more of the doctrines of res judicata, estoppel, statute of limitations, assumption of risk, contributory negligence, voluntary payment of the volunteer, duress, failure of consideration, payment, release, or waiver.

37. The claims fail due to the absence of any fiduciary or other special relationship between Debtor and the Plaintiffs.

38. The claims are barred by the single satisfaction rule.

39. The claims fail due to the absence of false pretenses, a false representation, or actual fraud.

40. Actions for non-dischargeability of claims based on misrepresentations made by debtors give rise to actions only under 11 U.S.C. § 523(a)(2), as 523(A)(2) and 523(A)(6) are mutually exclusive.

41. The claims fail due to the absence of a materially false statement in writing, the absence of any reasonable reliance on any such statement, or the absence of publication with an intent to deceive.

42. The claims fail due to the absence of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

43. The claims fail due to the absence of willful or malicious injury or action.

44. The claims fail because Debtor's acts were not targeted at the Plaintiffs, at least in the sense that the act is certain or almost certain to cause financial harm.

45. Debtor hereby gives notice of her intent to rely upon such additional defenses as may become apparent or available in the future.

HAVING FULLY ANSWERED, Debtor respectfully requests that the case be dismissed at the Plaintiffs' cost and expense, and for such other relief as to which Debtor is entitled under the law

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba, Esq. (0063723)
Jeffrey M. Nye, Esq. (0082247)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
jmn@sspfirm.com
**Attorneys for Debtor**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on June 1, 2020 upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

*/s/ Paul T. Saba*
Paul T. Saba, Esq. (0063723)