# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| IN RE: | : | Case No. 18-12585 |
| | : | Chapter 7 |
| SUZANNE BAIR | : | Judge Beth A. Buchanan |
| Debtor. | : | Adv. Pro. No. 18-1062 |
| BARESTONE, LLC | : | |
| and | : | |
| KINGSTON DEVELOPMENT GROUP, LLC | : | |
| Plaintiffs, | : | **PLAINTIFFS' MOTION FOR PERMISSIVE ABSTENTION** |
| -vs.- | : | |
| SUZANNE BAIR | : | |
| Defendant. | : | |

NOW COME PLAINTIFFS, by and through their undersigned counsel, pursuant to 28 U.S.C. § 1334(c)(1), and respectfully move the Court to permissively abstain from hearing the state law claims upon which Plaintiffs are seeking a monetary judgment and allow the parties to litigate those state law claims in a currently pending state court action. Further, Plaintiffs respectfully move the Court to hold this adversary proceeding in abeyance until such time as a final judgment in the state court action is rendered, leaving for this Court only a determination of the dischargeability of any and all debts for which a state court judgment is rendered.

## MEMORANDUM

Defendant commenced her underlying Chapter 7 bankruptcy proceeding on July 3, 2018, and Plaintiffs commenced this adversary proceeding on October 9, 2018. The Court issued a

discharge order pursuant to 11 U.S.C. § 727 on February 5, 2020.  Therefore, the automatic stay pursuant to 11 U.S.C. § 362 has been terminated, and to the best of Plaintiffs' knowledge and belief, this adversary proceeding is the only matter that remains before the Court to complete administration of the bankruptcy proceeding.

Plaintiffs' adversary complaint, as amended, alleges several claims against Defendant arising from tort and contract under Ohio law ("Plaintiffs' Claims"), and Plaintiffs further allege those claims are non-dischargeable pursuant to 11 U.S.C. § 523.  Plaintiff's Claims were pending for more than nine months in the Hamilton County Court of Common Pleas, Case No. A1704728 (the "State Court Action"), before Defendant commenced her Chapter 7 bankruptcy proceeding. In addition to Defendant, Plaintiffs' Claims in the State Court Action included claims against Bair Build Company, LLC and David Bair, Jr.  As the Court is aware, Bair Build Company, LLC is a party strongly connected to Plaintiffs' Claims against Defendant because Defendant solely owned the company and Plaintiffs' Claims arose, in part, from Defendant's ownership and operation of the company.  Likewise, Mr. Bair is a party strongly connected to Plaintiffs' Claims against Defendant because Defendant has alleged she delegated authority for exclusive management of the company to Mr. Bair, and Mr. Bair is Defendant's son.  Plaintiffs voluntarily dismissed Defendant from the State Court Action to facilitate continuation of the State Court Action against Bair Build Company, LLC and Mr. Bair.  The State Court Action has indeed continued without Defendant and remains pending in the state court.

The existence of a debt must be determined prior to, or in conjunction with, whether the debt is excepted from discharge pursuant to 11 U.S.C. § 523(a).  The determination of whether a debt exists is determined by applicable non-bankruptcy law.  As the Court has previously

discussed with the parties' counsel, although some of the legal claims against Defendant differ from the legal claims against Mr. Bair, all of the legal claims arise from the same transaction, and determination of those legal claims will require duplicative litigation unless consolidated into a single proceeding. Defendant's counsel also represents Mr. Bair in the State Court Action, and abstention would relieve the parties from litigating the same facts in two different forums.

In consideration of the factors to be addressed in the determination of whether permissive abstention is appropriate, the facts in this case militate strongly in favor of abstention. *See, Antioch Co. Litig. Tr. v. Hardman*, 438 B.R. 598, 609-10 (S.D. Ohio 2010); *DeGirolamo v. Applegate (In re Applegate)*, 414 B.R. 209, 216 (Bankr. N.D. Ohio 2008). First, abstention will have minimal impact on the core bankruptcy matters remaining in this adversary proceeding or the overall administration of the bankruptcy estate. Reducing Plaintiffs' claims to judgment is easily severed from determining whether that judgment is excepted from discharge, and this Court may hold the latter in abeyance while the State Court Action is pending. Once Plaintiffs' claims are adjudicated, the dischargeability claims in this adversary proceeding will either be rendered moot, or if not, will likely require only limited additional litigation to determine the dischargeability of a judgment. State law issues therefore clearly predominate over bankruptcy issues. Second, adjudication of Plaintiffs' Claims in the State Court Action will not impact the administration of the bankruptcy estate. Third, a strongly related state court action has already commenced and is pending. Fourth, this Court's jurisdiction is based entirely upon 11 U.S.C. § 1334 and § 157. Fifth, both this adversary proceeding and the pending State Court Action involve the presence of important and stongly-related non-debtor parties. Sixth, abstention would best serve the interest of judicial economy and relieve a burden upon this Court's docket.

In fact, it should be far more convenient and less expensive for Defendant to litigate all non-dischargeability issues in the State Court Action.   Finally, Plaintiffs believe Defendant specifically commenced her bankruptcy proceeding, at least in part, to extricate herself from the State Court Action and to bring Plaintiffs' Claims before this Court.

WHEREFORE, Plaintiffs respectfully move the Court to permissively abstain from hearing the state law claims upon which Plaintiffs are seeking a monetary judgment and allow the parties to litigate those state law claims in a currently pending state court action (i.e., an order allowing the voluntary dismissal of Defendant from the State Court Action to be vacated or otherwise authorizing Plaintiffs to proceed in the State Court Action against Defendant). Further, Plaintiffs respectfully move the Court for an order holding this adversary proceeding in abeyance until such time as a final judgment in the State Court Action is rendered, leaving for this Court only a determination of the dischargeability of any and all debts for which a state court judgment is rendered.

Respectfully submitted,

/s/ L. JOSHUA DAVIDSON
Joshua Davidson  (0062372)
Attorney for Plaintiffs
8035 Hosbrook Road, Suite 200
Cincinnati, OH 45236
Tel. No. (513) 793-5297
Fax No. (513) 793-5462
Email: josh@omdlaw.com

# NOTICE OF MOTION FOR PERMISSIVE ABSTENTION

Plaintiffs filed papers with the Court requesting transfer of this adversary proceeding to the Hamilton County Court of Common Pleas.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the relief sought in the Motion, then on or before **twenty-one (21)** days from the date set forth in the certificate of service for the Motion, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

> Clerk, U.S. Bankruptcy Court
> Atrium Two, Suite 800
> 221 E. Fourth Street
> Cincinnati, OH 45202

**OR** your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

> Eileen K. Field, Trustee
> Unit U
> 3991 Hamilton Middletown Road
> Hamilton, OH  45011
>
> Office of the U.S. Trustee
> 550 Main Street, Suite 4-812
> Cincinnati, Ohio  45202
>
> L. Joshua Davidson.
> 8035 Hosbrook Road, Suite 200
> Cincinnati, Ohio  45236

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief **without further hearing or notice**.

5

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and accurate copy of the foregoing Motion for Permissive Abstention was served electronically to all ECF participants registered in this case on the date of filing through the court's ECF System, and ordinary mail to the parties listed below on <u>May 17, 2021</u>

                                                     <u>/s/ L. JOSHUA DAVIDSON</u>
                                                     Joshua Davidson

Paul T. Saba & Jeffrey M. Nye
Stagnaro, Saba & Patterson Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208

Suzanne Bair
1800 Tanglewood Drive
Loveland, OH 45140

Barestone, LLC
3616 Marburg Avenue
Cincinnati, OH 45208

Kingston Development Group, LLC
Unit W1C
2372 Madison Road
Cincinnati, OH 45208